Filed 6/28/22 E.C. v. K.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| E.C., a Minor, etc.,<br><br>Appellant,<br><br>v.<br><br>K.C.,<br><br>Respondent. | F082826<br><br>(Super. Ct. No. 20CEFL05145)<br><br><br>**OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Denise Lee Whitehead, Judge.

Law Office of Zepure Attashian and Zepure Attashian for Appellant.

Richard M. Oberto for Respondent.

-ooOoo-

A mother, in her capacity as guardian ad litem for her son, appeals an order denying a request for a domestic violence restraining order (DVRO) against the boy's father. The trial court found the father's testimony that he did not strike his son was credible and that the testimony of the mother and son to the contrary was not credible.

---

[*]     Before Franson, Acting P. J., Smith, J. and Snauffer, J.

The court concluded that "there is insufficient evidence to support the issuance of a restraining order in this case; therefore, the request for a restraining order is denied." We conclude the trial court did not err in making its credibility findings and the mother has failed to demonstrate the court committed other reversible error.

We therefore affirm the order denying the restraining order.

## BACKGROUND

Mother and Father in this proceeding had a son born in June 2012 (Son). An October 2018 order regarding child custody and visitation states that the parents shall have joint physical custody under a three-night/four-night schedule. The order also sets forth a custody schedule for holidays and special occasions. Item 5.08 of the order provides that the parents and any third party shall not use any form of physical discipline (corporal punishment) when disciplining Son.

The statement of facts provided in Mother's amended opening brief refers to the prohibition against corporal punishment and states:

> "On December 25, 2020, [Father] used corporal punishment against [Son]. **(1RT 20)**. [Son] suffered injuries and bruising from the use of corporal punishment by [Father]….

> "[Father] contends that [Son's] brother … was in [*sic*] the individual who caused the injuries sustained by [Son] on December 25, 2020. **(2RT 318)** [Mother] disputes [Father's] contention."

Father's respondent's brief asserts the amended appellant's opening brief filed by Mother fail to provide a reasonable account of the conflicting evidence. Mother did not file an appellant's reply brief and, thus, has not addressed Father's contention.

Well-established principles of appellate practice describe how challenges to the sufficiency of the evidence must be presented. Appellants are required to " 'summarize the evidence on that point, favorable and unfavorable, and show how and why it is insufficient. [Citation.]' [Citation.] Where a party presents only facts and inferences favorable to his or her position, 'the contention that the findings are not supported by

2.

substantial evidence may be deemed waived.' " (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738, italics omitted; see *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 [appellant "cite[d] only evidence favorable to his position, ignoring all to the contrary.  Such briefing is manifestly deficient."]; *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [a "party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable"].)

Here, Mother's brief violated the foregoing principle because it did not summarize the evidence, favorable and unfavorable, relevant to whether the scratch on Son's neck was caused by Father or, alternatively, was caused by a toy thrown at Son by his younger brother.  Accordingly, we conclude Mother has forfeited any challenge to the sufficiency of the evidence.

## PROCEEDINGS

On December 31, 2020, Mother filed an application and declaration for a domestic violence restraining order.  On January 4, 2021, the trial court issued a temporary restraining order on mandatory Judicial Council form DV-110 that included personal conduct orders and a 100-yard stay away order.

On February 17, 2021, Father filed a response to request for domestic violence restraining order on mandatory Judicial Council form DV-120.  In the response, Father stated that he did not use any form of corporal punishment on Son and asserted Son sustained a scratch on his neck when his younger brother threw a toy train at him.

Father's response also asserted that the restraining order request was completely without merit and was simply another of Mother's attempts to frustrate Father's right to custody and visitation.  Father supported this assertion regarding Mother's motives by attaching a copy of the October 2018 custody and visitation order and three letters from the Department of Social Services of the County of Madera.  The letters were dated August 20, 2014, July 7, 2016, and May 3, 2018.  The letters referred to allegations of

3.

neglect or abuse of Son and stated that the investigation deemed the allegations unfounded and that no further action would be taken by the department.

Father's supplemental declaration filed on March 12, 2021, attached a copy of a law and motion minute order denying Mother's request for a restraining order against Father's fiancé. The order, dated June 30, 2014, stated the court found insufficient evidence to issue a restraining order.

Evidentiary hearings on the request for restraining order were held on March 22, 2021, and March 23, 2021. Son testified the first day. When asked about what might have happened around Christmas, Son stated: "On Christmas morning my dad hit me on the neck." When asked who has with him when he opened his presents, Son replied: "My dad and my stepmom and my little brother and my grandma and my auntie."

At the hearing on the following day, March 23, 2021, Father, his mother, his fiancé, and Mother testified. Father described a fight that occurred between his sons on Christmas day and denied hitting Son.

*Trial Court's Ruling*

On March 24, 2021, the trial court issued its ruling from the bench. The court stated its belief that Son was a victim of Mother's repeated efforts to limit his time with Father and that her efforts resulted in Son testifying that he was afraid of Father. The court also stated Mother had a lengthy history of making unsubstantiated allegations against Father and described allegations made in 2014, 2016, and 2018. The court stated it did not find Son's testimony credible because it appeared rehearsed and, when testifying about the incident on Christmas day, "he showed absolutely no emotional upset or discomfort." In discussing the other testimony presented, the court stated (1) it believed paternal grandmother's testimony that Son told her his younger brother caused the marks on his neck, (2) it did not believe Mother's testimony was credible, and (3) the photographs showing scratching and some discoloration on Son's neck were consistent with Father's testimony that his younger son struck Son in the neck with a toy. After

4.

discussing the testimony, the court concluded: "Even applying the lowest standard for burden of proof, there is insufficient evidence to support the issuance of a restraining order in this case; therefore, the request for a restraining order is denied. The temporary restraining order that was reissued yesterday is vacated."

Mother's attorney then requested a stay pending an appeal, which the trial court denied based on its belief that the denial of Father's right to be with Son was causing significant damage to the relationship between them.

On May 21, 2021, Mother filed a notice of appeal.

*Briefing Instructions*

On June 1, 2021, this court issued an order referring to the minutes from the March 24, 2021 hearing, which stated: "The Court finds that the burden of proof has not been met." The order noted that, in some contexts, a trial court's determination that a burden of proof has not been carried is reviewed on appeal under the finding-compelled-as-a-matter-of-law standard. The order cited published decisions of the Fifth District applying that standard in contexts not involving restraining orders. (See *Wells Fargo Bank, N.A. v. 6354 Figarden General Partnership* (2015) 238 Cal.App.4th 370, 390; *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838; *Valero v. Board of Retirement of Tulare County Employees' Assn.* (2012) 205 Cal.App.4th 960, 965.) The order included the following briefing instructions regarding the standard of review:

> "Therefore, if appellant contends the trial court erred in determining the burden of proof was not met, the parties' briefing should address whether the finding-compelled-as-a-matter-of-law standard of appellate review applies to that determination. If appellant contends the abuse of discretion standard of review applies, the parties should (1) address the Supreme Court's statement that '[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review' (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711) and (2) identify the specific aspect of the trial court's ruling being challenged. (See *In re Marriage of Hein* (2020) 52

5.

Cal.App.5th 519, 529 [abuse of discretion standard as it relates to different types of determinations]; *County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 315–316 [three ways discretion can be abused and related standard of review].)"

In January 2022, Mother filed an appellant's opening brief. Mother argued the appropriate standard of review was abuse of discretion, not the finding-compelled-as-a-matter-of-law standard. She also argued the trial court abused its discretion by making findings of facts without sufficient evidentiary support and by weighing interrelated factors in a manner that exceeded the bounds of reason or contravened the uncontradicted evidence. In February 2022, Mother filed an amended appellant's opening brief.

In April 2022, Father filed a respondent's brief. He asserted the finding-compelled-as-a-matter-of-law standard of appellate review applied to the trial court's determination that Mother failed to carry the burden of proof. Mother did not file an appellant's reply brief.

## DISCUSSION

I.  GENERAL LEGAL PRINCIPLES

A.  Overview of the Statute

The purpose of California's Domestic Violence Prevention Act (DVPA; Fam. Code, §§ 6200–6460)[1] "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) " 'Domestic violence' " is defined as "abuse" perpetrated against a person in one of the relationships covered by the statute. (§ 6211.) Such a relationship exists between a parent and child because they are between persons "related by consanguinity … within the second degree." (§ 6211, subd. (f).)

---

[1]  Undesignated statutory references are to the Family Code.

As defined by the DVPA, "abuse" occurs if the perpetrator "intentionally or recklessly cause[s] or attempt[s] to cause bodily injury"; "place[s] a person in reasonable apprehension of imminent serious bodily injury to that person or to another"; or "engage[s] in any behavior that has been or could be enjoined pursuant to Section 6320." (§ 6203, subd. (a).) "Abuse is not limited to the actual infliction of physical injury or assault." (§ 6203, subd. (b).)

Trial courts are authorized to issue orders "enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, … harassing, telephoning, … destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party." (§§ 6320 [ex parte], 6340 [order after notice and hearing].) The DVPA's reference to "disturbing the peace of the other party" has been interpreted to mean "conduct that destroys the mental or emotional calm of the other party." (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1497.) "Annoying and harassing an individual is protected in the same way as physical abuse." (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 398.)

B.    Standard of Review

Generally, a trial court's decision to grant or deny a DVRO is reviewed for an abuse of discretion. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review." (*Haraguchi*, *supra*, 43 Cal.4th at p. 711.) For purposes of this appeal, we identify four aspects of the trial court's ruling and the particular standard applicable to that aspect.

1.    *Express or implied findings of fact*

When the aspect of a trial court's ruling under review is an express or implied finding of fact, an abuse of discretion occurred if the finding is not supported by

substantial evidence. (*Haraguchi*, *supra*, 43 Cal.4th at p. 711; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505 [findings relating to protective order].) Under the substantial evidence standard, "[i]t is not [an appellate court's] task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630–631.)

### 2. *Failure of proof determinations*

When the aspect of the trial court's ruling under review is an express or implied determination that the party with the burden of proof failed to carry the burden, " 'it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' " (*Dreyer's Grand Ice Cream, Inc. v. County of Kern*, *supra*, 218 Cal.App.4th at p. 838.) " '[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.' " (*Ibid*.) A finding is compelled as a matter of law only if appellant's " 'evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Ibid*.)

### 3. *Credibility findings*

Appellate decisions often state the reviewing court is " 'bound by the trial court's credibility determinations.' " (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 94.) This is a slight overstatement. Appellate courts are not automatically bound by expressed or implied credibility findings. Instead, as described below, they give such findings great deference, which makes them very difficult to successfully challenge on appeal.

First, if the trial court finds certain testimony of a witness *is credible* (like the trial court's finding that Father's testimony was credible), an appellate court must accept that

credibility finding unless the testimony is incredible on its face, inherently improbable or wholly unacceptable to reasonable minds. (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 786; see *Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201 [trial court's credibility findings cannot be reversed on appeal unless the testimony is incredible on its face or inherently improbable].)

Second, if a trial court finds that all or part of a witness's testimony *is not credible*, the appellate court applies the following standard: "A trier of fact is free to disbelieve a witness, even one uncontradicted, if there is any rational ground for doing so." (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1043.) Rational grounds for disbelieving a witness include the factors listed in Evidence Code section 780, which include the witness's demeanor, the manner in which he or she testifies, and the witness's interest in the matter. (Evid. Code, § 780, subds. (a), (f); see *Pierce v. Wright* (1953) 117 Cal.App.2d 718, 723 [court is not bound to believe interested witness].) Accordingly, "the trier of facts is not required to believe everything that a witness says even if uncontradicted." (*Guerra v. Balestrieri* (1954) 127 Cal.App.2d 511, 515.)

### 4. Resolutions of questions of law

When the aspect of the trial court's ruling under review is a determination of a question of law, that determination is subject to independent appellate review, without deference to the trial court's conclusion. (See *Haraguchi*, *supra*, 43 Cal.4th at p. 712 [conclusions of law are reviewed de novo]; see *Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463 ["whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law"].) Mother's opening brief acknowledges that a trial court resolution of a question of law is subject to independent review and states that she "does not assert that the trial court applied an incorrect rule of law."

9.

## II.     CREDIBILITY FINDINGS

### A.     <u>Testimony That Was Not Credible</u>

The trial court stated that, "frankly, I don't believe Mother's testimony was credible." Mother "contends the trial court did not have a rational basis for disbelieving" her testimony. We reject this contention. Rational grounds for disbelieving a witness include the existence of bias, interest or other motive. (Evid. Code, § 780, subd. (f).) Here, Mother's interest in obtaining a restraining order is clear. Such an order would have increased her time with Son and decreased Father's time with Son. The existence of this interest provides a rational ground for finding Mother's testimony was not credible. (See *Pierce v. Wright*, *supra*, 117 Cal.App.2d at p. 723 [court is not required to believe interested witness].)

The trial court also stated it did not find Son's testimony credible. In explaining this finding, the court stated the testimony appeared rehearsed because Son spoke directly and forcefully when asked about what Father did on Christmas day, but mumbled responses to questions on other topics, which he did not appear to know how to answer. In addition, the court stated that Son testified that he was afraid of Father, but when he testified about the incident on Christmas day, "he showed absolutely no emotional upset or discomfort." Evidence Code section 780, subdivision (a) states that a court making a credibility finding may consider the witness's "demeanor while testifying and the manner in which he testifies." The record establishes this is exactly what the court did in evaluating the credibility of Son's testimony. Therefore, we conclude the court had a rational basis for disbelieving Son's testimony.

Mother contends the trial court erred by *requiring* Son's testimony to be corroborated by a physical manifestation of emotional upset and also contends the court did not properly weigh Son's testimony. This contention misconstrues the record. The court did not require such corroboration. Instead, in accordance with the Evidence Code,

10.

the court properly weighed Son's demeanor and the manner in which he testified before making its credibility finding.

B.    Father's Testimony Was Credible

To the extent that Mother contends the trial court erred in finding Father's testimony about the events on Christmas day was credible, she has failed to demonstrate that Father's testimony is incredible on its face, inherently improbable or wholly unacceptable to reasonable minds. (See *Nevarez v. Tonna*, *supra*, 227 Cal.App.4th at p. 786.)  Accordingly, under the applicable standard of review, we must uphold that credibility finding.

In summary, Mother's challenges to the sufficiency of the evidence have been forfeited because of the failure of her opening brief to summarize the evidence, favorable and unfavorable, on a particular point, and show how and why the evidence was insufficient. (See *Schmidlin v. City of Palo Alto*, *supra*, 157 Cal.App.4th at p. 738.)  Her challenges to the court's credibility findings fail under the deferential standards of review applicable to such findings.  Lastly, Mother's claim that the court abused its discretion by imposing improper corroboration requirements fails because the court imposed no such requirements.  Instead, it properly weighed the evidence.  Consequently, the court determination that Mother failed to carry her burden of proof must stand.

**DISPOSITION**

The order denying the request for a restraining order is affirmed.  As the prevailing party, Father shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)